IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Benjamin Riley, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:17-cv-2604 |
| Client Services, Inc., a Missouri corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT -- CLASS ACTION**

Plaintiff, Benjamin Riley, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Benjamin Riley ("Riley"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt, which he allegedly owed to Capital One Bank.

4. Defendant, Client Services, Inc. ("Client Services"), is a Missouri

corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Client Services was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Client Services is authorized to conduct business in Indiana, and maintains a registered agent here, <u>see</u>, record from the Indiana Secretary of State, attached as Exhibit <u>A</u>. In fact, Defendant conducts business in Indiana.

6. Defendant Client Services is licensed as a debt collection agency in the State of Indiana, <u>see</u>, record from the Indiana Secretary of State, Securities Division, attached as Exhibit <u>B</u>. In fact, Defendant acts as a debt collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. Client Services sent Mr. Riley an initial form collection letter, dated May 22, 2017, demanding payment of a debt he allegedly owed to Capital One Bank. This letter stated, in pertinent part:

* * *

> Please note, we have many payment options that may meet your individual needs. If we are unable to arrange repayment, Capital One will send your account to an attorney in your state for possible legal action. Please note, no decision has been made to take legal action against you at this time. If a lawsuit is filed, you'll have the opportunity at any court hearing to raise applicable defenses or property exemptions. I want to help you avoid any possible legal action. Please call me at 877-665-3303 for more information. I look forward to working with you to resolve this balance.

* * *

A copy of this letter is attached as Exhibit <u>C</u>.

2

8. In fact, defenses have to be raised in the answer to any complaint, not at "any court hearing" and property exemptions are only raised after judgment, not at "any court hearing".

9. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, at 827. Here, Defendant's statement concerning a potential lawsuit would cause an unsophisticated consumer to be confused as to their legal rights if they were sued, and this would directly impact any decision whether to pay the debt to avoid being sued and/or what they should do if they are sued.

10. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e
### Making False Statements

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, see 15 U.S.C. § 1692e.  More specifically, § 1692e(2)(a) of the FDCPA prohibits debt collectors from the false representation of "the character, amount or legal status of any debt", see 15 U.S.C. § 1692e(5).

14. Defendant's statement that "[I]f a lawsuit is filed, you'll have the opportunity at any court hearing to raise applicable defenses or property exemptions", was untruthful and deceptive. Specifically, defenses have to be raised in an answer not in "any court hearing" and property exemptions are only raised after judgment, not at "any court hearing". By making false and deceptive statements in connection with the collection of a debt, Defendant violated § 1692e of the FDCPA.

15. Defendant's violations of § 1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

18. Defendant's statements that "[I]f a lawsuit is filed, you'll have the opportunity at any court hearing to raise applicable defenses or property exemptions", was unfair and unconscionable. Specifically, defenses have to be raised in his answer not in "any court hearing" and property exemptions are only raised after judgment, not at "any court hearing". By using unfair and unconscionable means to collect a debt, Defendant violated of § 1692f of the FDCPA.

19. Defendant's violations of § 1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

20. Plaintiff, Benjamin Riley, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Capital One Bank, via the same form collection letter (Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

21. Defendant regularly engages in debt collection, using the same form collection letter they sent Plaintiff Riley, in its attempts to collect delinquent consumer debts from other persons.

22. The Class consists of more than 40 persons from whom Defendant attempted to collect delinquent consumer debts, by sending other consumers the same form collection letter they sent Plaintiff Riley.

23. Plaintiff Riley's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

24. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests

of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

25. Plaintiff Riley will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Riley has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Benjamin Riley, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Riley as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendant's form collection letter violated the FDCPA;

4. Enter judgment in favor of Plaintiff Riley and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Benjamin Riley, individually and on behalf of all others similarly situated,

demands trial by jury.

        Benjamin Riley, individually and on behalf of all others similarly situated,

        By:/s/ David J. Philipps_____
        One of Plaintiff's Attorneys

Dated: August 2, 2017

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp   (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com